# ReedSmith

James C. McCarroll
Direct Phone: +1 212 549 0209
Email: jmccarroll@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

DOCKET AS A LETTER BRIEF

March 22, 2013

**By Electronic Mail**

Honorable Jed S. Rakoff
United States District Judge
United States Courthouse
Room 1340
500 Pearl Street
New York, NY  10007-1312



Re: **Defendants' Response to Trustee's Notice of Supplemental Authority in** *Picard v. Schneiderman*, **Civil Action No.: 12 Civ 6733 (JSR)**

Dear Judge Rakoff:

The Attorney General of the State of New York and the New York Supreme Court-appointed Receivers[1] respectfully submit this letter in response to the Trustee's letter of earlier today, in which the Trustee seeks to distinguish Judge Marrero's decision in *Picard v. Fairfield Greenwich Ltd.* (12-cv-9408 (Mar. 20, 2013)) from the facts of the instant case.

Indeed, the number of factual similarities between the two cases is remarkable. For example:

1. The plaintiffs in both *Anwar v. Fairfield Greenwich* and *NYAG v. Merkin*: (a) sued non-debtors, (b) who were investment managers, (c) of full or partial Madoff feeder funds, (d) asserting claims wholly distinct from those asserted in separate actions by the Trustee – in the case of the NYAG Action, including claims under the Martin Act belonging solely to the NYAG;

2. The defendants in both the *Anwar* and *NYAG* actions: (a) have substantial assets not derived from Madoff, and (b) have not had judgments entered against them in avoidance actions commenced by the Trustee; and

3. The injured investors of the defendants in both the *Anwar* and *NYAG* actions: (a) were victimized by investment managers other than Madoff, to whom they entrusted money, (b) are not Madoff customers, and have been denied by the Trustee any opportunity to participate in Madoff distributions, and (c) having relied for more than four years on the actions being prosecuted for their benefit, would be highly prejudiced if the settlements reached in those actions were blocked by the Trustee, who has laid in wait for an inexcusable length of time.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Memorandum of Law in Opposition, filed on January 25, 2013.

Hon. Jed S. Rakoff
March 22, 2013
Page 2

**ReedSmith**

Based on these facts, Judge Marrero found:

1. The claims are separate and distinct from those of the Trustee, and thus are not part of the Estate and cannot be subject to the automatic stay;

2. Prepetition transfers do not become property of the Estate unless and until they are recovered through an avoidance action, and thus cannot be subject to the automatic stay;

3. There is no basis for a Section 105(a) injunction;

4. There is no preemption; and

5. The Trustee is barred by laches.

The Trustee's attempts to draw factual distinctions are simply more of what Judge Marrero aptly identified as "creative wordsmithery." (Op. at 23). We summarily address each below.

First, the Trustee erroneously asserts the fraudulent transfers he seeks to recover consist of the same monies to be distributed by the Merkin Settlement. Not surprisingly, the Trustee provides no substantive explanation for this statement. In fact, the Merkin Settlement is to be funded entirely from (a) roughly $193 million in proceeds of Mr. and Mrs. Merkin's longtime jointly-held art collection, which proceeds are presently maintained in an escrow account under the control of the NYAG; (b) proceeds of the Merkin Defendants' deferred fee account held within Ariel Fund, with a current estimated value in excess of $210 million – the very same account the Trustee asserts is evidence that Mr. Merkin "kept his own money away from the Madoff" (Trustee's Reply Mem. at 8); and (c) to the extent necessary, comparatively small additional amounts paid directly by Mr. Merkin, whose assets derive from many sources. Rittereiser Decl., ¶¶ 7 – 9; *see also* Sheehan Decl., Ex. A, ¶ II.B (under seal).

Second, the Trustee asserts that his fraudulent transfer claims against the Defendants have been tested in court. That is an overly generous characterization of the Bankruptcy Court's ruling on the sufficiency of his pleadings. Judge Lifland simply found that "[t]he Trustee has sufficiently pled" to defeat a motion to dismiss on most of his claims. *Picard v. Merkin*, 440 B.R. 243, 255, 261 (Bankr. S.D.N.Y. 2010). And of course, in that same decision, Judge Lifland held that "prepetition transfers . . . do not become property of the estate unless and until they are recovered through a successful avoidance action." *Id. at* 271 (quoted in *Fairfield*, Op. at 16).

Third, the Trustee asserts that the Settlement would benefit Mr. Merkin by creating a "war chest." This position is based on a mischaracterization of the Ellenhorn Declaration, while ignoring the accompanying Rittereiser Declaration, which makes clear that the reserves are not for Mr. Merkin's benefit. The reserves will enable Ascot Partners to defend the Trustee's ongoing aggressive claims prosecution against it, as Ascot Partners otherwise has no assets to defend or settle those claims.

Hon. Jed S. Rakoff
March 22, 2013
Page 3

ReedSmith

Finally, while it is true that a finding of laches is dependent on the facts, as we have shown in our submissions and will further demonstrate during oral argument, the facts here are more compelling than even the facts in *Fairfield*.

After failing to distinguish the facts of this case from *Fairfield*, the Trustee argues that Judge Marrero's ruling misapplied the law on five points. The Trustee sought and obtained permission to submit a letter distinguishing the *Fairfield* facts from the *Merkin* facts, not to further argue his case. Nonetheless, the Trustee simply summarizes many of the arguments he already has made in the 99 pages of briefs submitted to the Court on his motion; or raises legal arguments not applicable here. The Defendants will not further burden the Court with a restatement of their arguments on the same legal points that already have been exhaustively briefed, but stand prepared to further address these points at oral argument.

Respectfully submitted,

*James C. McCarroll*

James C. McCarroll

JCM:rf

cc: Bart M. Schwartz, as Receiver
David Pitofsky, as Receiver
Karla G. Sanchez, Esq.
David N. Ellenhorn, Esq.
Daniel M. Glosband, Esq.
Andrew Levander, Esq.
Neil Steiner, Esq.
David Sheehan, Esq.