UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| SECURITIES INVESTOR PROTECTION CORPORATION, | |
|---|---|
| Plaintiff, | |
| v. | 12 Misc. 00115 (JSR) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendants. | |

In re MADOFF SECURITIES

PERTAINS TO THE FOLLOWING CASE:

| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | |
|---|---|
| Plaintiff, | 12 Civ. 06733 (JSR) |
| v. | Adv. Pro. No. 12-01778 (BRL) |
| ERIC T. SCHNEIDERMAN, as successor to ANDREW M. CUOMO, Attorney General of the State of New York; BART M. SCHWARTZ, as Receiver for ARIEL FUND LTD. and GABRIEL CAPITAL, L.P.; DAVID PITOFSKY, as Receiver for ASCOT PARTNERS, L.P. and ASCOT FUND, LTD.; J. EZRA MERKIN; and GABRIEL CAPITAL CORPORATION, | **STIPULATION AND ORDER** |
| Defendants. | |

Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.*, and the estate of Bernard L. Madoff, individually, by and through his counsel; the Securities Investor Protection Corporation by and through its counsel ("SIPC"); Eric T. Schneiderman, as successor to Andrew M. Cuomo, Attorney General of the State of New York ("NYAG"); Bart M.

Schwartz, as Receiver for Ariel Fund Ltd. ("Ariel Fund") and Gabriel Capital, L.P. ("Gabriel Fund"); and David Pitofsky (together with Schwartz, the "Receivers"), as Receiver for Ascot Partners, L.P. ("Ascot Partners," and together with Ariel Fund and Gabriel Fund, the "Merkin Funds"), by and through their respective counsel (collectively, the "Parties"), hereby stipulate and agree as follows:

WHEREAS, on May 6, 2009, the Trustee commenced an action against J. Ezra Merkin ("Merkin"), Gabriel Capital Corporation ("GCC") (together with Merkin, the "Merkin Defendants"), and the Merkin Funds in the Bankruptcy Court for the Southern District of New York, *Picard v. Merkin*, Adv. Pro. No. 09-1182-brl (Bankr. S.D.N.Y. Oct. 3, 2012) (ECF No. 1) (the "Avoidance Action"), seeking to avoid and recover more than $550 million held by the Merkin Defendants and Merkin Funds for equitable distribution in accordance with SIPA;

WHEREAS, in April 2009 and September 2010, the NYAG and Schwartz, respectively, commenced actions against the Merkin Defendants and/or one or more of the Merkin Funds, which actions respectively were captioned *People v. Merkin*, No. 450879/2009 (N.Y. Sup. Ct., N.Y. County Apr. 6, 2009) and *Schwartz v. Merkin*, No. 651516/2010 (N.Y. Sup. Ct., N.Y. County Sept. 16, 2010) (the "Third Party Actions");

WHEREAS, following an announcement of entry into a Settlement Agreement among the Merkin Defendants, the NYAG and the Receivers dated June 2012 (the "Settlement Agreement"), the Trustee filed an adversary complaint (Adv. Pro. No. 12-01778) and simultaneously therewith an Application for Enforcement of the Automatic Stay and Issuance of a Preliminary Injunction ("Preliminary Injunction Application");

WHEREAS, on August 16, 2012, the NYAG, the Receivers, and the Trustee

stipulated that the NYAG and the Receivers would not, pending a hearing on the Preliminary Injunction Application: (1) take any steps to consummate the Settlement Agreement, transfer any money or property in connection with the Settlement, execute any judgments, make or receive any settlement payments, or otherwise distribute assets in connection with the Settlement Agreement or the Third Party Actions or (2) litigate the Third Party Actions or any other actions as against any of the Merkin Defendants and/or the Merkin Funds seeking monetary damages relating to the BLMIS fraud ("Stipulation"); and the Stipulation was so-ordered by the bankruptcy court (Adv. Pro. No. 12-01778, ECF No. 8);

WHEREAS, the District Court for the Southern District of New York (the "District Court") granted a motion to withdraw the reference of the Preliminary Injunction Application filed by the NYAG and the Receivers;

WHEREAS, oral argument on the Preliminary Injunction Application took place on March 25, 2013, before the Honorable Jed Rakoff;

WHEREAS, at the end of oral argument, Judge Rakoff extended the Stipulation pending his decision on the Preliminary Injunction Application;

WHEREAS, on April 15, 2013, Judge Rakoff issued a decision on the Preliminary Injunction Application denying the Preliminary Injunction Application and dismissing the adversary complaint ("Order");

WHEREAS, the Trustee intends to appeal the Order (the "Appeal") to the U.S. Court of Appeals for the Second Circuit (the "Court of Appeals");

WHEREAS, the Parties share the desire to establish orderly procedures to expedite the Appeal, recognize the need and the benefit to all Parties of an expedited

Appeal, and agree not to distribute the Settlement Amount (as defined in the Settlement Agreement) except according to the terms set forth herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES:

1. This stipulation is without prejudice to any Party's positions concerning the propriety or need for interim relief pending any appeals, or of the propriety or merit of the Appeal, and is made in the interest of avoiding unnecessary motion practice.

2. The Parties consent to a stay (the "Stay"), through and including December 31, 2013, of any action by the Defendants to transfer or distribute any of the Settlement Amount except for (a) the transfers contemplated by Sections V. B., C., D. and F.1, of the Settlement Agreement, not to exceed $15 million in the aggregate, and (b) the transfers contemplated by Sections II(E) and VI(A) of the Settlement Agreement; however, if oral argument before the Court of Appeals has occurred by December 31, 2013, the Parties agree that the Stay shall remain in place until seven days after such time as the Court of Appeals issues its decision on the Appeal.[1]

3. Notwithstanding anything else in this Stipulation, the Parties agree that during the pendency of the Stay, the Defendants may continue with the steps required to close and implement the Settlement, as set forth in Sections II, III, IV, and V of the Settlement Agreement. However, with respect to the provisions in Sections II(E) and VI(A) of the Settlement Agreement for the transfers between Lauren Merkin and Ezra Merkin, the Parties agree that during the pendency of the Stay, such transfers shall be

---

[1] Section V. D. of the Settlement Agreement has been redacted from the version provided to the Trustee. Funds to be transferred pursuant to Section V. D. are subject to the $15 million limit set forth above.

without prejudice to the Trustee's rights, if any, to attempt to seek to recover the transferred assets in connection with the Avoidance Action or pursuant to § 550(a) of the Bankruptcy Code. The Parties further agree that any such actions shall not prejudice the Trustee and SIPC with respect to the Appeal, and shall not be used by the NYAG, the Receivers and/or the Merkin Defendants as a basis for arguing that the Order should be affirmed or by the Trustee to argue that the Order should be reversed.

4.  The Parties agree that this Stay is without prejudice to any Party's legal or factual arguments relating to the Settlement Agreement, all of which are expressly reserved, or to the Trustee's avoidance claims or the Appeal. Neither this Stipulation nor the actions allowed herein shall be used by any Party as a basis for arguing that the Order should be affirmed or reversed on appeal. With the exception of the transfers of up to $15 million set forth above, nothing herein prejudices the Trustee's ability to collect any monies implicated by the Settlement nor does anything herein create or expand the Trustee's ability to collect such monies or prejudice Defendants' or Lauren Merkin's defenses to any such claim.

5.  Notwithstanding the provisions set forth in paragraph 2 above, if oral argument on the Appeal has occurred, but no decision has issued by December 31, 2013, then the NYAG, the Receivers and/or the Merkin Defendants have the right to seek leave of the Court of Appeals to lift the Stay, and the Trustee and/or SIPC have the right to oppose such relief. Neither the fact of this stipulation nor its contents shall prejudice any Party in connection with such a request.

6.  In the event that oral argument on the Appeal does not occur by December 31, 2013, the Parties agree that if after that date, but prior to such time as the Court of

Appeals issues its decision on the Appeal, the Defendants plan to move forward with payments to investors pursuant to the Settlement Agreement, the Defendants shall provide the Trustee and SIPC with thirty (30) days' notice in advance prior to taking any such action. In such event, the Trustee and/or SIPC shall have the right to oppose such action and to seek relief to extend the Stay, including by seeking an emergency stay from the Court of Appeals. Neither the fact of this stipulation nor its contents shall prejudice any Party in connection with such a request.

7. All Parties will jointly request that the Court of Appeals grant expedited consideration of the Appeal, and agree that regardless of whether the Court of Appeals grants expedited consideration, any opening briefs to be filed in support of the Appeal will be filed by June 6, 2013, briefs in opposition to the Appeal will be filed by July 19, 2013, and any reply briefs concerning the Appeal will be filed by August 7, 2013.

8. Nothing herein precludes any Party from seeking further appellate review or review by the United States Supreme Court of the decision by the Court of Appeals.

Dated: New York, New York

April 24, 2013

| *David Ellenhorn /kjn* | *K/M/murp* |
|---|---|
| Eric T. Schneiderman | David J. Sheehan, Esq. |
| Attorney General of the State of New York | Deborah H. Renner, Esq. |
| David Ellenhorn, Esq. | Keith R. Murphy, Esq. |
| Senior Trial Counsel | Baker & Hostetler LLP |
| Office of the Attorney General | 45 Rockefeller Plaza |
| 120 Broadway | New York, New York 10111 |
| 25th Floor | Telephone: (212) 589-4200 |
| New York, NY 10271 | Facsimile: (212) 589-4201 |
| Telephone: (212) 416-6388 | Email: dsheehan@bakerlaw.com |
| *Attorneys for the People of the State of New York* | Email: drenner@bakerlaw.com |
| | Email: kmurphy@bakerlaw.com |

<table>
<tr>
<td>

_____

James C. McCarroll, Esq.
Jordan W. Siev, Esq.
Michael J. Venditto, Esq.
Reed Smith LLP
599 Lexington Avenue
22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Email: jmccarroll@reedsmith.com
Email: jsiev@reedsmith.com

*Attorneys for Bart M. Schwartz as Receiver for*
*Ariel Fund Ltd. and Gabriel Capital, L.P.*


*Dawel M Glosband*

Daniel M. Glosband, Esq.
Joseph A. Schwartz, Esq.
Goodwin Procter LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
Email: dpitofsky@goodwinprocter.com
Email: dglosband@goodwinprocter.com
Email: jschwartz@goodwinprocter.com

*Attorneys for David Pitofsky as Receiver for*
*Ascot Partners, L.P. and Ascot Fund, Ltd.*

</td>
<td>

*Attorneys for Irving H. Picard, Trustee for*
*the Substantively Consolidated SIPA*
*Liquidation of Bernard L. Madoff Investment*
*Securities LLC and the estate of Bernard L.*
*Madoff*



_____

Neil Steiner, Esq.
Andrew J. Levander, Esq.
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Email: neil.steiner@dechert.com
Email: Andrew.levander@dechert.com

*Attorneys for Defendants J. Ezra Merkin and*
*Gabriel Capital Corporation*


_____

Kevin H. Bell
Senior Associate General Counsel
For Dispute Resolution
Nathanael S. Kelley, Esq.
Staff Attorney
Securities Investor Protection Corporation
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Facsimile: (202) 371-6728
Email: kbell@sipc.org
Email: nkelley@sipc.org

*Attorneys for the Securities Investor*
*Protection Corporation*

</td>
</tr>
</table>

SO ORDERED.

Dated: April __, 2013
        New York, New York


_____

JED S. RAKOFF, U.S.D.J.

| | |
|---|---|
| *[signature]* Jordan Siev / KRM w/permission 1:17pm<br>James C. McCarroll, Esq.<br>Jordan W. Siev, Esq.<br>Michael J. Venditto, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue<br>22nd Floor<br>New York, NY 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: jmccarroll@reedsmith.com<br>Email: jsiev@reedsmith.com<br><br>*Attorneys for Bart M. Schwartz as Receiver for Ariel Fund Ltd. and Gabriel Capital, L.P.*<br><br><br>_____<br>Daniel M. Glosband, Esq.<br>Joseph A. Schwartz, Esq.<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: (212) 813-8800<br>Facsimile: (212) 355-3333<br>Email: dpitofsky@goodwinprocter.com<br>Email: dglosband@goodwinprocter.com<br>Email: jschwartz@goodwinprocter.com<br><br>*Attorneys for David Pitofsky as Receiver for Ascot Partners, L.P. and Ascot Fund, Ltd.* | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff*<br><br>*[signature]*<br>_____<br>Neil Steiner, Esq.<br>Andrew J. Levander, Esq.<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br>Email: neil.steiner@dechert.com<br>Email: Andrew.levander@dechert.com<br><br>*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*<br><br>_____<br>Kevin H. Bell<br>Senior Associate General Counsel<br>For Dispute Resolution<br>Nathanael S. Kelley, Esq.<br>Staff Attorney<br>Securities Investor Protection Corporation<br>805 Fifteenth Street, N.W., Suite 800<br>Washington, D.C. 20005<br>Telephone: (202) 371-8300<br>Facsimile: (202) 371-6728<br>Email: kbell@sipc.org<br>Email: nkelley@sipc.org<br><br>*Attorneys for the Securities Investor Protection Corporation* |

SO ORDERED.

Dated: April ___, 2013
      New York, New York

_____
JED S. RAKOFF, U.S.D.J.

| | |
|---|---|
| | *Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and the estate of Bernard L. Madoff* |
| James C. McCarroll, Esq.<br>Jordan W. Siev, Esq.<br>Michael J. Venditto, Esq.<br>Reed Smith LLP<br>599 Lexington Avenue<br>22nd Floor<br>New York, NY 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: jmccarroll@reedsmith.com<br>Email: jsiev@reedsmith.com<br><br>*Attorneys for Bart M. Schwartz as Receiver for Ariel Fund Ltd. and Gabriel Capital, L.P.* | Neil Steiner, Esq.<br>Andrew J. Levander, Esq.<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br>Email: neil.steiner@dechert.com<br>Email: Andrew.levander@dechert.com<br><br>*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation* |
| Daniel M. Glosband, Esq.<br>Joseph A. Schwartz, Esq.<br>Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: (212) 813-8800<br>Facsimile: (212) 355-3333<br>Email: dpitofsky@goodwinprocter.com<br>Email: dglosband@goodwinprocter.com<br>Email: jschwartz@goodwinprocter.com<br><br>*Attorneys for David Pitofsky as Receiver for Ascot Partners, L.P. and Ascot Fund, Ltd.* | Kevin H. Bell<br>Senior Associate General Counsel<br>For Dispute Resolution<br>Nathanael S. Kelley, Esq.<br>Staff Attorney<br>Securities Investor Protection Corporation<br>805 Fifteenth Street, N.W., Suite 800<br>Washington, D.C. 20005<br>Telephone: (202) 371-8300<br>Facsimile: (202) 371-6728<br>Email: kbell@sipc.org<br>Email: nkelley@sipc.org<br><br>*Attorneys for the Securities Investor Protection Corporation* |

SO ORDERED.

Dated: April 20, 2013
New York, New York

_____
JED S. RAKOFF, U.S.D.J.

LIBC/4865496.4                7